In the Matter of the Estate of MIRIAM E. HUFF, Deceased.

Surrogate's Court, Erie County, November 25, 1966.

*Smith, Kendall & Pedersen (Graham W. Smith* of counsel), for petitioner. *Ira L. Powsner,* special guardian.

WILLIAM J. REGAN, S. In this accounting proceeding it was called to the attention of this court that the petitioner had cursorily set forth that certain specific bequests under the will of the decedent had adeemed.

The first matter pertained to a provision in the will which left '' all proceeds payable to decedent or to her estate on account

of death benefits or prepaid premiums or any other proceeds payable to the executor of her estate from a certain contract with the Ætna Life Insurance Company * * * to the named trustee to be held in trust and the income accumulated for the benefit of decedent's grandson, Richard Craston Titus ''. It was shown in the petition that this policy matured as a life income policy on October 3, 1962, prior to decedent's death. During her lifetime the decedent changed the form of the policy and designated Elizabeth H. Titus as beneficiary following decedent's death. Thus, the paragraph in the will of decedent above referred to will have no effect.

Another paragraph of decedent's will left specific bequests of certain jewelry to Christine Champion Titus and Elizabeth H. Titus. It was alleged that these items could not be located among decedent's personal effects and shortly after decedent's death the sum of $2,650 was received by the executor from decedent's insurance carrier.

The leading case, *Matter of Wright* (7 N Y 2d 365), is squarely in line with the matter before this court. Therein it was held that specific bequests which were not in existence at the date of testatrix' death adeemed and that any insurance moneys recovered for the loss or theft of such items belonged to the residuary estate. Evidently that was the law at the time of the death of the decedent herein, August 5, 1964.

Effective September 1, 1965, section 20 of the Decedent Estate Law contained this paragraph: '' Where insurance proceeds on property which is the subject of a specific devise or bequest are paid after the death of the testator, such insurance proceeds to the extent that they are received by the executor shall be payable by him to the specific devisee or legatee of such property with the incidents of a specific devise or bequest and subject to the usual rules applied in the marshalling of estate assets.''

In this court's opinion that law as amended appears to be the more equitable law. However, as the law in effect at the date of testatrix' demise was otherwise, the court is constrained to agree that there was an ademption with respect to the specific bequests of the jewelry.